UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

THOMAS LEMONS                                    CIVIL ACTION NO. 20-cv-0329

VERSUS                                           CHIEF JUDGE HICKS

ST. PAUL FIRE & MARINE INSURANCE CO              MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

**Introduction**

Thomas Lemons ("Plaintiff") filed this civil action in state court for damages arising out of an auto accident. He named as defendant St. Paul Fire & Marine Insurance Co. based on an underinsured motorist insurance policy. His petition alleged that USAA already paid the limits of the underlying liability policy.

St. Paul removed the case based on an assertion of diversity jurisdiction, which puts the burden on it to allege specific facts that show complete diversity of citizenship of the parties and an amount in controversy greater than $75,000. The court conducts a preliminary review of cases to assess whether there is an adequate indication of subject matter jurisdiction. For the reasons set forth below, additional information is needed. St. Paul will be allowed until **April 1, 2020** to file an amended notice of removal. The court will review the record after April 1 and determine whether St. Paul has met its burden with respect to jurisdiction or whether the case must be remanded.

**Citizenship of St. Paul**

The notice of removal alleges that St. Paul is "a foreign insurer duly organized under the laws of Minnesota and having its principal place of business in New York." The notice does not allege St. Paul's type of entity. If it is a corporation, then the allegations regarding its citizenship are sufficient. If it is an LLC or other form of unincorporated entity, its citizenship will need to be alleged in accordance with rules set forth in cases such as Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). Defendants must file an amended notice of removal that specifically alleges St. Paul's type of entity.

**Amount in Controversy**

The notice of removal alleges that Plaintiff is seeking damages for injuries sustained in the auto accident as well as for penalties and attorney's fees. In accordance with Louisiana law, Plaintiff's petition did not set forth a demand for a specific amount of damages.

When a plaintiff seeks to recover under an insurance policy, the policy limits cap the potential amount in controversy (subject to additional amounts for statutory penalties or attorney fees). Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002). Thus, it would be helpful for the amended notice of removal to allege the policy limits of the UM policy at issue. In a UM case, the court considers only the amount of coverage available under the UM policy and not any amounts that might have been paid by the principal liability insurer. Thomas v. Hartford Accident & Indem. Co., No. 17-CV-1474,

2018 WL 1548897, *2 (W.D. La. 2018). That said, it could also be helpful in assessing the amount in controversy to know how much was paid by the underlying liability policy.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of March, 2020.

Mark L. Hornsby
U.S. Magistrate Judge